1
2
3
4   UNITED STATES DISTRICT COURT
    WESTERN DISTRICT OF WASHINGTON
5   AT SEATTLE

6  DAMILOLA ADEKUNLE and
7  FAYAH TOLNO,
              Plaintiffs,
8                                          C21-135 TSZ
      v.
9                                          MINUTE ORDER
   THE GEO GROUP, INC.,
10
              Defendant.
11

12   The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

13   (1)   Defendant's motion to dismiss, docket no. 12, is DENIED.  Defendant contends that plaintiffs knew or should have known that certain factual allegations in their complaint are false.  In connection, however, with defendant's motion pursuant to Federal Rule of Civil Procedure 12(b)(6),[1] the Court must assume the truth of plaintiffs' allegations and draw all reasonable inferences in plaintiffs' favor.  See Usher v. City of

---

[1] Defendant also invokes Federal Rule of Civil Procedure 12(b)(1), under which the Court may consider materials that contradict the pleadings to determine whether federal subject-matter jurisdiction exists, without converting the motion to dismiss into one for summary judgment. See Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  Defendant does not, however, challenge the Court's jurisdiction, which is premised on diversity within the meaning of 28 U.S.C. § 1332(a); plaintiffs reside in Texas, see Compl. at ¶ 3 (docket no. 1-1), defendant is incorporated and has its principal place of business in Florida, see Corp. Disclosure Statement (docket no. 8), and plaintiffs seek damages in excess of $75,000, see Compl. at ¶ 25 (docket no. 1-1); see also Minute Order at ¶ 1 (docket no. 11).  Defendant's argument that it played no role in plaintiff Damilola Adekunle's health care while she was detained at the facility operated by defendant relates solely to the merits of plaintiffs' claims, not to the Court's jurisdiction to consider them.

MINUTE ORDER - 1

*Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Plaintiffs have alleged that defendant's staff "failed to properly . . . respond to [Damilola Adekunle's] complaints of telltale signs and symptoms of bacterial meningitis" and "locked [her] alone in a cold room without access to a bathroom or assistance of staff as she suffered extreme pain associated with her illness." Compl. at ¶ 1 (docket no. 1-1). Plaintiffs have further alleged that defendant owed a duty of reasonable care, breached that duty, and caused injury to Ms. Adekunle and her husband, for which they pursue more than $1 million in damages. *Id.* at ¶¶ 16–25. Plaintiffs have sufficiently pleaded negligence claims. Whether plaintiffs can prove their claims is a question for another day.

(2)  Defendant's motion for reconsideration, docket no. 12, of the Minute Order entered February 19, 2021, docket no. 11, which stayed this case, is DENIED. This case remains stayed until further order, and the parties are REMINDED of their obligation to file a Joint Status Report by no later than December 17, 2021.

(3)  The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 12th day of April, 2021.

William M. McCool
Clerk

s/Gail Glass
Deputy Clerk

MINUTE ORDER - 2